UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
|    Capones Hideaway Lodge Inc. | ) | CASE NO. 09-4937 |
| | ) | CHAPTER 11 |
|             Debtor. | ) | Judge Sonderby |

### AGREED FINAL ORDER APPROVING
### USE OF CASH COLLATERAL

This matter coming to be heard on the Motion of **Capones Hideaway Lodge Inc.**, Debtor and Debtor in Possession (hereinafter, Debtor), for the authority to use cash collateral; the Court having examined the foregoing Motion; and the Court being fully advised in the premises;

THE PARTIES STIPULATE THAT:

1. This case was commenced on February 17, 2009 when the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. No trustee has been appointed. The Debtor has continued to manage its business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2. Valley Community Bank (the "Bank") and the United States of America, Internal Revenue Service (the "Service"), claims, and the Debtor acknowledges, that the Bank and the Service have valid liens upon all property of the Debtor existing as of the date of the filing of the petition herein including accounts receivable, inventory, and the cash proceeds thereof.

3. An immediate need exists for the Debtor to use cash collateral in order to continue the operation of its business. Pursuant to 11 U.S.C. Sec. 363, the proceeds of accounts receivable, contract rights, inventory, and general intangibles are cash collateral. The Service has indicated a willingness to consent to the Debtor's use of a limited amount of cash collateral provided that the Service is granted adequate protection pursuant to 11 U.S.C. Sec. 361.

4. The Debtor has agreed to and does grant to the Bank and the Service a replacement lien on all post-petition property of the debtor, including, but not limited to, inventory, machinery, furniture and fixtures, accounts receivable, contract rights, and general intangibles, and the proceeds thereof. Said replacement lien shall have the same validity, extent and priority as the Service's pre-petition lien.

5. Pursuant to 11 U.S.C. Sec. 361, the Debtor has agreed to pay the Bank $4,397.32 and the Service $2200.00 on the first day of each month after the entry of this order to adequately protect the secured interest of the Bank and the Service.

6. The liens granted herein to the Bank and the Service shall be valid, perfected, and enforceable without any further action by the Debtor or the Service, and without the execution or recordation of any financing statements, security agreements, or other documents.

IT IS THEREFORE ORDERED:

A. The Debtor is authorized to use the Bank and the Service's cash collateral upon the terms set forth in this Order.

B. The Bank and the Service are hereby granted a replacement lien on all post-petition property of the debtor, including, but not limited to, inventory, machinery, furniture and fixtures, accounts receivable, contract rights, and general intangibles, and the proceeds thereof. Said replacement lien shall have the same validity, extent and priority as the Bank and the Service's pre-petition lien.

C. Prior to confirmation of a Plan of Reorganization in these proceedings, the Debtor shall pay to the Bank $4397.32 and the Service $2200 on the first day of each month thereafter until confirmation of a Plan of Reorganization. Payments to the Service will be applied to the Debtor's tax liability at the Service's discretion.

D. After confirmation of a Plan of Reorganization in these proceedings, the Debtor shall pay to the Bank and the Service the monthly installment payments of the balance of said indebtedness in accordance with the terms set forth in the confirmed Plan of Reorganization.

E. At all times during the pendency of these proceedings, the Debtor shall maintain insurance covering the full value of their machinery, furniture, and inventory.

F. The Debtor shall maintain a separate operating account, which account shall be entitled "Debtor-in-Possession Account", and with the exception of funds needed for petty cash and other payments in the normal course of business or otherwise allowed by the Court, the Debtor shall deposit and maintain all cash and all proceeds of accounts receivable, inventory, contract rights, and general intangibles in said account.

G. In the event the Debtor fails to fully comply with the terms of this Order, or in the event that a valid, final order of confirmation is not entered in these proceedings within one year of the entry of this order, or if the order of confirmation is vacated, reversed, or set aside on review, appeal or otherwise, then, in any of those events, the Bank or the Service may, on notice, move to have the stay provided by 11 U.S.C. Sec. 362(a) modified to permit the Bank or the Service to proceed at once to enforce any and all of its rights as a secured creditor.

H. A copy of any Disclosure Statement or Plan of Reorganization proposed by the Debtor, a copy of each monthly operating report, and notice of all matters which might affect the Bank or the Service's secured position or the ultimate collectability of their claim herein shall be timely mailed to the following:

        IRS Counsel, SB/SE
        200 West Adams, Suite 2300
        Chicago, Illinois 60606

        Internal Revenue Service

Insolvency Unit
230 South Dearborn
Chicago, Illinois 60604
Mail Stop 5010 CHI

Patrick M. Griffin
GRIFFIN & HOSKINS LLC
40W270B LaFox Road
St. Charles, IL 60175

OFFICE OF THE UNITED STATES TRUSTEE
219 S. Dearborn, Rm. 873
Chicago, Ill. 60606

I.  All payments made pursuant to this order shall be timely mailed to the Service at the following address:

IRS Counsel, SB/SE
West Adams, Suite 2300    200
Chicago, Illinois 60606

J.  This Court finds and orders that this is a core proceeding under 28 U.S.C. §157(b)(2)(D), and this Order shall be a Final Order fully effective upon its entry this Court.

AGREED

UNITED STATES OF AMERICA
Internal Revenue Service

By: _____     Date : _____
    Patrick J. Fitzgerald
    United States Attorney

By: _____
    Special Assistant
    United States Attorney
    ARDC Number _____
    200 West Adams Street
    Suite 2300
    Chicago, Illinois 60606
    Tel. No. (312) 368-8152

By: _____     Date : _____

AGREED

UNITED STATES OF AMERICA
Internal Revenue Service

By: _____     Date: 3/20/09
    Patrick J. Fitzgerald
    United States Attorney

By: _[signature]_____
    Special Assistant
    United States Attorney
    ARDC Number 6283774
    200 West Adams Street
    Suite 2300
    Chicago, Illinois 60606
    Tel. No. (312) 368-8152

By: _____     Date: _____
    Attorney for Valley Community Bank
    Patrick M. Griffin
    GRIFFIN & HOSKINS LLC
    40W270B LaFox Road
    St. Charles, IL 60175

By: _____     Date: _____
    Attorney for Debtor
    Michael J. Davis (#6197896)
    Springer, Brown, Covey Gaertner & Davis
    400 S. County Farm Rd., St. 330
    Wheaton, IL 60187
    (630)510-0000

ENTER:

                                         _____
                                         Judge
Date: _____                     United States Bankruptcy Judge

By: _____  Date: 3-20-09
Attorney for Valley Community Bank
Patrick M. Griffin
GRIFFIN & HOSKINS LLC
40W270B LaFox Road
St. Charles, IL 60175

By: _____  Date: 3/20/09
Attorney for Debtor
Michael J. Davis (#6197896)
Springer, Brown, Covey Gaertner & Davis
400 S. County Farm Rd., St. 330
Wheaton, IL 60187
(630)510-0000

ENTER:

Date: ____MAR 2 4 2009____

_____
Judge
United States Bankruptcy Judge